## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:21-cv-23320-GAYLES
### (1:16-cr-20387-GAYLES)

**GARRY GRACE a/k/a/
GARY GRACE**,

      Movant,

v.

**UNITED STATES OF AMERICA,**

      Respondent.

_____/

### ORDER DENYING MOTION TO VACATE SENTENCE UNDER § 2255

**THIS CAUSE** comes before the Court upon Movant Garry Grace's *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (the "Motion"). [ECF No. 1]. In his Motion, Movant argues that his conviction and sentence for possession of a firearm and ammunition by a convicted felon should be vacated due to the alleged ineffectiveness of Movant's trial and appellate counsel. The Court has considered the Motion, the Movant's Memorandum of Law [ECF No. 2], the Government's Response [ECF No. 6], and the record in this case, and is otherwise advised in the premises. For the following reasons, the Motion is **DENIED**.

### I.      BACKGROUND

On May 24, 2016, Movant was charged by Indictment with one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

[Cr-ECF No. 1].[1] On November 16, 2017, a jury found Movant guilty as charged in the Indictment. [CR-ECF No. 49]. The undersigned, who presided over Movant's trial, adjudicated Movant guilty, determined that Movant qualified as an Armed Career Criminal, and sentenced him to 180 months of imprisonment in the custody of the Bureau of Prisons. [Cr-ECF No. 65]; [Cr-ECF No. 100 at 2]. Movant appealed his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit, arguing that, pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019), "plain error occurred because his indictment failed to allege he knew he was a felon and that the omission stripped the district court of power to adjudicate his criminal case." *United States v. Grace*, 805 F. App'x 786, 787 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 422 (2020). The Eleventh Circuit ultimately rejected Movant's argument and affirmed his conviction. *See id.* at 789.

## II.   LEGAL STANDARDS

### A.  Standard of Review for § 2255

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on a final judgment, pursuant to § 2255, are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* § 28 U.S.C. 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted); *see also United States v. Frady*,

---

[1] Citations to "Cr-ECF" refer to the docket in Movant's underlying criminal case, Case No. 16-cr-20387-GAYLES.

456 U.S. 152, 165 (1982) (collecting cases). If a court finds a claim under § 2255 valid, the court shall vacate and set aside the judgment and discharge the prisoner, grant a new trial, or correct the sentence. *See* 28 U.S.C. § 2255(b). The burden of proof is on Movant, not the Government, to establish that vacatur of the conviction or sentence is required. *See In re Moore,* 830 F.3d 1268, 1272 (11th Cir. 2016).

### B.  Ineffective Assistance of Counsel Standard

The United States Supreme Court established the law governing claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). Where a movant challenges his counsel's effectiveness, he must demonstrate that: (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Id.* at 687. If the movant cannot meet one of *Strickland*'s prongs, the court need not address the other. *Id.* at 697. This same standard applies to both trial counsel and appellate counsel. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000).

To show deficient performance, the movant must demonstrate that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citation omitted). To show prejudice, the movant must establish that, but for his counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. In the sentencing context, this requires a showing that the sentence would have been less severe. *Glover v. United States*, 531 U.S. 198, 203 (2001). Conclusory allegations of ineffective assistance are insufficient under *Strickland*. *See Boyd v. Comm's, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012).

### III.    DISCUSSION

Movant raises three grounds for relief in the Motion, all of which challenge the effectiveness of his trial counsel or appellate counsel. In Ground 1, Movant argues that his

appellate counsel was ineffective for failing to appeal the trial court's denial of trial counsel's Rule 29 motion for a judgment of acquittal. *See* Motion at 4 ("Appellate counsel was constitutionally ineffective in not raising on direct appeal trial counsel's motion pursuant to Rule 29, to dismiss for lack of evidence."). In Ground 2, Movant claims that both trial counsel and appellate counsel were ineffective for failing to object to the Government's witness testifying about another person's "out-of-court statement [that] was incriminating and violated Movant's Sixth Amendment Confrontation Clause right." *Id.* at 5. Finally, in Ground 3, Movant avers that trial counsel was ineffective for "not communicating the Government['s] plea offer of eight years" to him. *Id.* at 7. The Court finds that Movant has not demonstrated that he is entitled to relief on any of the three grounds.

### A.  Ground 1: Counsel Failed to Appeal Denial of Rule 29 Motion

Movant's first argument is that appellate counsel should have appealed the trial court's denial of trial counsel's motion for a judgment of acquittal. Ground 1 also contains an allegation that "[t]he testimony of Officer [Cerra] in reference to the ballistic information was a violation of Movant's Sixth Amendment Confrontation Clause rights." Motion at 4. As far as the Court can tell, Ground 1 appears to allege that the Government lacked sufficient evidence to convict Movant because it needed to rely upon Officer Cerra's testimony about the contents of a ballistic report—testimony which, according to Movant, violated his Confrontation Clause rights. *See* [ECF No. 2 at 16] ("Petitioner in fact, had a constitutional right to cross examine the author of those ballistic reports . . . . [H]ad they not been introduced . . . the outcome of the proceedings would have resulted in a not guilty verdict.").

To begin, the Court notes that trial counsel's Rule 29 motion *did not* contain any allegations about Officer Cerra, the ballistics report, or any alleged Confrontation Clause issue. Instead, trial

counsel's argument was that the Government had provided "no physical evidence" that Movant possessed a firearm and that "the little physical evidence that there is is basically connected to [Larry Modest], even if circumstantially." [Cr-ECF No. 96 at 133]. Thus, if appellate counsel was going to challenge the denial of trial counsel's Rule 29 motion, his arguments would have been circumscribed to the same physical evidence-based argument trial counsel made. *Cf. United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007) ("To preserve an issue for appeal, 'one must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought.'" (quoting *United States v. Dennis*, 786 F.2d 1029, 1042 (11th Cir. 1986))).

A motion for judgment of acquittal is properly granted when "the evidence is insufficient to sustain conviction." Fed. R. Crim. P. 29(a). In reviewing the sufficiency of the Government's evidence, the court must "view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Molina*, 443 F.3d 824, 828 (11th Cir. 2006). To convict Movant under 18 U.S.C. § 922(g), the Government has to prove that "the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. The Court finds that, when reviewing the trial evidence in the light most favorable to the Government, the prosecution provided sufficient evidence for both of these elements. First, Movant conceded that he was convicted felon and so that element was uncontested at trial. *See Grace*, 805 F. App'x at 789 ("Grace stipulated before trial that he was a felon and admitted at sentencing that he had been convicted of eight felony offenses and had served seven years in prison."). Second, there was also sufficient evidence for a reasonable jury to conclude that Movant possessed a firearm. The testimony at trial established that Movant and

another person, Larry Modest, were seen together driving in a car owned by Movant. [Cr-ECF No. 95 at 192]. Law enforcement officers saw Mr. Modest, the passenger in the car, purchase a controlled substance from another individual. [Cr-ECF No. 96 at 13–14]. When law enforcement attempted a traffic stop, one of the officers saw the driver of the vehicle—later identified as Movant—"make a side to side motion or movement and leaning back." [Cr-ECF No. 95 at 182]. That same officer recovered a firearm beneath the driver's seat. [*Id.* at 184]. Also, as Movant himself alludes to, there was ballistic evidence indicating that the gun recovered from the vehicle had been used while Mr. Modest had been incarcerated. [Cr-ECF No. 96 at 89–90]. Based on the quality of the evidence indicating that Movant had possession of the firearm found in the vehicle, the Court concludes that appellate counsel could not have been ineffective for failing to raise a meritless argument on appeal. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

The Court also finds that Movant's Confrontation Clause argument regarding Officer Cerra's testimony is also without merit—even if it had been properly preserved and argued on appeal. Movant takes issue with Officer Cerra's testimony about a ballistic report that was prepared by the National Integrated Ballistic Information Network ("NIBIN"). That NIBIN report indicated that shell casings from that firearm had been recovered in three different locations prior to Movant's arrest—all of which occurred while Mr. Modest (the other person in Movant's vehicle) was incarcerated. [Cr-ECF No. 96 at 89–91]. Movant argues that, pursuant to *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009) and *Bullcoming v. New Mexico*, 564 U.S. 647 (2011), the NIBIN report could not have been admitted without giving Movant the opportunity to cross-examine the person who had prepared the report. [ECF No. 2 at 13–16]. Without deciding whether the NIBIN report was testimonial, as required by *Melendez-Diaz* and *Bullcoming*, the Court finds that Movant was not prejudiced by the report, as its admission (along with Officer Cerra's

testimony about the report) did not have a "reasonable probability" of affecting the outcome of the trial. *Strickland*, 466 U.S. at 694. As the Court noted above, the Government provided other evidence at trial indicating that Movant possessed the firearm on the day of his arrest. Defense counsel also capably attacked the negative inference that the jury could have drawn from NIBIN report by arguing that the firearm's usage during Mr. Modest's incarceration could not be conclusively attributed to Movant. [Cr-ECF No. 96 at 185]. For the foregoing reasons, the Court finds that Movant's attorneys were not ineffective. Ground 1 is DENIED.

### B. Ground 2: Counsel Failed to Object to Alleged Confrontation Clause Violation

Movant's next claim is that either trial counsel or appellate counsel should have objected to the testimony of Detective Charles Woods. Specifically, Movant complains about the following exchange:

> Q: Now, what happened when you approached the car on the passenger side? Can you describe any interaction you had with the passenger?
>
> A: Once I approached the passenger side, the passenger [Larry Modest], he looked up at me, he said, "Officer, I'm not going to lie. I do have dope on me. That's all I got."

[Cr-ECF No. 96 at 15]. Movant argues that Detective Woods's answer provided an out-of-court, inculpatory statement made by Larry Modest, thereby violating Movant's Confrontation Clause rights. Motion at 5; [ECF No. 2 at 9–10]. Movant argues that either trial counsel should have moved for a mistrial based on that testimony or that appellate counsel should have raised this issue on direct appeal. Motion at 5. The Government counters that trial counsel's failure to object was a reasonable strategic decision since it allowed defense counsel to argue that Mr. Modest was a dangerous drug dealer and that the gun found in the vehicle belonged to him—not Movant. [ECF No. 6 at 8].

In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that a defendant's Sixth Amendment Confrontation Clause rights are violated when a fellow codefendant's inculpatory or incriminating statements are admitted at trial "without affording [the defendant] an opportunity to cross-examine the declarant." *United States v. Schwartz*, 541 F.3d 1331, 1340 (11th Cir. 2008). While a *Bruton* violation is generally very serious and "requires a new trial unless the error was harmless beyond a reasonable doubt[,]" *id.* at 1353 (citing *Schneble v. Florida*, 405 U.S. 427, 432 (1972)), a statement does not violate *Bruton* unless it "directly inculpate[s] a co-defendant[,]" *United States v. Beale*, 921 F.2d 1412, 1425 (11th Cir. 1991). In addition, a *Bruton* error will not entitle a defendant to relief on collateral review unless the admission of the co-defendant's statement was necessary to establish the defendant's guilt. *See Torres v. Sec'y, Dep't of Corr.*, No. 07-cv-1383, 2008 WL 1897600, at *12 (M.D. Fla. Apr. 28, 2008) (citing *United States v. Dulcio*, 441 F.3d 1269, 1276 (11th Cir. 2006)); *see also United States v. Lumpkin*, 44 F. App'x 246, 247 (9th Cir. 2002) ("[R]egardless of whether or not the evidence of the co-defendant's confession may have violated *Bruton*, taking into consideration the rest of the evidence against Lumpkin, it is not reasonably probable that the outcome of the trial would have been different, and there was no prejudice.").

The Court again finds that no Confrontation Clause violation occurred; thus, Movant is not entitled to relief. Movant was only charged with one count: possession of a firearm and ammunition by a convicted felon. [Cr-ECF No. 1]. He was not charged with any crime related to the possession, distribution, trafficking, or use of any controlled substance. While Mr. Modest's out-of-court statement, "Officer, I'm not going to lie. I do have dope on me. That's all I got[,]" is an admission that Mr. Modest possessed a controlled substance, it did not mention, either explicitly or implicitly, that either he or Movant possessed a firearm at the time of the traffic stop. [Cr-ECF

No. 96 at 15]. This statement, naturally, did not "directly inculpate" Movant since it had nothing to do with Movant's alleged possession of a firearm or ammunition. *See United States v. Arias*, 984 F.2d 1139, 1142 (11th Cir. 1993) ("In other words, admission of a codefendant's statement is not error under *Bruton* where the statement 'was not incriminating on its face, and became so only when linked with evidence introduced later at trial.'" (quoting *Richardson v. Marsh*, 481 U.S. 200, 208 (1987)); *United States v. Mendez*, 490 F. App'x 287, 295 (11th Cir. 2012) (holding that a co-defendant's statement did not violate *Bruton* since the statement did not directly inculpate the defendant in a conspiracy to distribute a controlled substance).

Even if, however, the Court assumes that this statement violated Movant's Confrontation Clause rights, the Court agrees with the Government that counsel did not perform ineffectively by failing to object to the statement's admission. First, contrary to Movant's arguments, trial counsel's decision to allow Mr. Modest's statement to be admitted was an objectively reasonable decision which *augmented* Movant's defense. Trial counsel was able to use this statement during closing arguments to argue that Mr. Modest was "a drug dealer, buys, sell[s] drugs, [the] gun was most likely connected to the drugs." [Cr-ECF No. 96 at 186]. The Court will not second guess Movant's experienced trial counsel's decision not to object to Mr. Modest's statement since the usefulness of that statement to Movant's defense is obvious from the face of the record. *See Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998) ("The Supreme Court and this Court have said that strategic choices are 'virtually unchallengeable.'"); *see also, e.g.*, *Solomon v. Harris*, 749 F.2d 1, 2–3 (2d Cir. 1984) (rejecting an ineffective assistance of counsel claim when "the failure to raise the *Bruton* objection did not undermine Solomon's defense").

Second, Movant has failed to show prejudice from the alleged *Bruton* violation since there is no "reasonable probability" that the outcome of his trial would have been different if Mr.

Modest's statement was not admitted. Mr. Modest's statement had nothing to do with the ownership or possession of a firearm, and so it did not enhance or detract from the Government's other physical and circumstantial evidence indicating that the firearm in the car belonged to Movant. *Cf. Hull v. Sec'y, Fla. Dep't of Corr.*, 572 F. App'x 697, 702 (11th Cir. 2014) ("Despite the *Bruton* error, the content of Howard's testimony was entirely cumulative of and corroborated by what can be inferred readily from other untainted evidence."). In sum, the Court finds that no *Bruton* violation occurred and so neither trial counsel nor appellate counsel could not have been ineffective for failing to raise that issue. *See Nyhuis*, 211 F.3d at 1344. Ground 2 is DENIED.

### C.  Ground 3: Counsel Failed to Communicate Government's Plea Offer

Movant's final ground for relief is that trial counsel was ineffective for failing to inform him that the Government made a plea offer of eight years imprisonment. *See* Motion at 7. Defense counsel "has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). If counsel fails to convey a plea offer, the defendant can establish prejudice by showing a reasonable probability that "(1) 'the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of the intervening circumstances)'; (2) 'the court would have accepted its terms'; and (3) 'the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.'" *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014) (quoting *Lafler v. Cooper*, 566 U.S. 156, 164 (2012)).

In its Response, the Government contends that record conclusively establishes that it never extended an eight-year plea offer to either Movant or his counsel. The Court agrees. This issue

was discussed extensively during Movant's sentencing hearing. Defense counsel made the following statement during the hearing:

> I mean, I would like to impose a sentence about eight year straight time and the reason I come with eight years is because at some point in time, apparently, the supervisor on the case recommended that they offer that sentence. The plea offer *was never transmitted to me down the line so I never had a chance to tell my client about that offer because I never received it.*

[ECF No. 100 at 3] (emphasis added). Defense counsel further explained that he learned about the alleged recommendation when the supervisor purportedly stated to defense counsel that he "told [Assistant United States Attorney Daniel Marcet] that he can offer eight [years]" during a lunch that took place after Movant's trial had concluded. [*Id.* at 4]. However, defense counsel again reiterated that "[t]he Government did not convey" this eight-year offer to him. [*Id.*].

After defense counsel provided this explanation to the Court, Assistant United States Attorney Daniel Marcet provided additional clarity on the matter:

> The interaction [defense counsel] is describing with my supervisor's supervisor did occur.

> I then went to my supervisor because his memory was incorrect. There was never—there was no offer conveyed, nor was there authorization to convey any offer. He was, I believe, thinking of another case. I don't know what he was thinking of but there was never any authorization to convey any offer.

[*Id.* at 5]. Both Mr. Marcet and defense counsel ultimately agreed that "the supervisor was mistaken with the case, he confused [defense counsel] with another lawyer. He confused [defense counsel] with another case." [*Id.* at 6].

The Court is convinced, based on the unequivocal statements of defense counsel and Mr. Marcet, that no offer (let alone the eight-year offer Movant specifically cites) was ever conveyed to Movant or defense counsel. *See Bilus v. United States*, No. 20-11585, 2021 WL 3523922, at *5 (11th Cir. Aug. 11, 2021) ("Bilus cannot show that his counsel rendered deficient performance

based on his advice to Bilus concerning a conditional guilty plea. . . . [T]he government made no plea offer in Bilus's case."); *Owens v. United States*, No. 13-CV-1780, 2013 WL 6800193, at *12 (N.D. Ga. Dec. 20, 2013) ("Counsel cannot force the state to plea bargain, and counsel does not perform deficiently by failing to plea bargain when the state has not offered to bargain, or by failing to inform a defendant of a non-existent plea offer." (internal citations omitted)), *aff'd*, 598 F. App'x 736 (11th Cir. 2015). Accordingly, since counsel cannot be ineffective for failing to convey a non-existent plea offer, Ground 3 of the Motion is DENIED.

## IV.     CERTIFICATE OF APPEALABILITY

Unless a judge issues a certificate of appealability ("COA"), an appeal may not be taken to the Court of Appeals from the final order in a proceeding under § 2255. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).

To merit a COA, petitioners must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioners need not show that an appeal would succeed among some jurists. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). After all, "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [a] petitioner will not prevail." *Id.* at 338. But, for the reasons explained above, there is no basis to issue a certificate of appealability in this case.

## V.     CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED**:

1.     The Motion [ECF No. 1] is **DENIED**.

- 12 -

2.      No certificate of appealability shall issue.

3.      The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of July 2022.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:     **Garry Grace**, *pro se*
        09814-104
        Butner Medium I
        Federal Correctional Institution
        Inmate Mail/Parcels
        P.O. Box 1000
        Butner, NC 27509

        **Daniel Marcet**
        **Jeremy Thompson**
        United State Attorney's Office
        Southern District of Florida
        99 NE 4th Street
        Miami, FL 33132
        Daniel.marcet@usdoj.gov
        Jeremy.Thompson3@usdoj.gov